[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. The moving party must make a showing that it is clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246,247.
It is apparently undisputed that the defendant Lantz, the bus driver when the accident occurred, was employed by the defendant Town Country Transportation Co. Town Country is a corporation which is independent of the defendant Tickets Tours by Karen, the moving party in this motion. The plaintiffs claim that the bus trip was solicited by the defendant Tickets Tours by Karen and that it and Town Country were engaged in a joint venture. Whether there was an agency or joint venture relationship presents a mixed question of fact and law. All the facts required to prove or disprove the existence of such a relationship, and whether, as a result of it, liability can be imputed from Town Country to Tickets Tours by Karen have not been established. A summary judgment cannot be granted unless a party is entitled to a directed verdict on the same facts. Connell v. Colwell, supra, 247; Batick v. Seymour, 186 Conn. 632,647. In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski 206 Conn. 495, 500; Telesco v. Telesco,187 Conn. 715, 718. The fact that the bus trip was advertised and solicited by Tickets Tours by Karen presents some CT Page 1173 evidence that it had some control over the trip and was acting as more than a conventional travel agent. The question of whether a joint venture or agency relationship existed here cannot be resolved on a motion for summary judgment. On the facts presented the moving party is not entitled to judgment if the directed verdict test is applied.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE