[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. The moving party must make a showing that it is clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246,
A summary judgment cannot be granted unless a party is entitled to a directed verdict on the same facts. Connell v. Colwell, supra, 247; Batick v. Seymour, 186 Conn. 632, 647. In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski 206 Conn. 495,500; Telesco v. Telesco, 187 Conn. 715,718. CT Page 2773
The plaintiff claims liability for the following omissions of the defendant after repossessing the car: (1) failure of the defendant to sell the car within 180 days after it was repossessed, (2) failure to give statutory notices, and (3) demand of a deficiency without selling the car. The affidavit in opposition to the motion for summary judgment states that the car was sold on November 9, 1989, and attached to the affidavit is a copy of a retail sales contract bearing the same date. The car was repossessed on May 24, 1989. The plaintiff admits receipt of a letter dated November 10, 1989 stating an unpaid deficiency balance of $5,285.07. That letter, containing a lower amount than the prior notice of repossession and right to redeem or reinstate dated May 26, 1989, clearly implies that the car had been sold and the proceeds applied to reduce the debt. While the defendant was required under section 42-98 (d) C.G.S. to resell the car within 180 days after its repossession, the documents filed are evidence that this occurred and that a demand for the deficiency occurred after the car was sold. There is an issue of material fact on the first and third claims.
The defendant is required to give notice of the right to redeem and of a proposed resale of the car under sections 42 98(c) and 42-98 (d) C.G.S. Exhibit A of the counteraffidavit, the notice of May 26, 1989 states the right to redeem and notice of intent to sell the car at a private sale within 180 days. While the plaintiff and her husband claim they did not receive this notice, section 42-98 (c) only requires the notice of right to redeem to be sent within 3 days after the car was repossessed by registered or certified mail. Section 42-98 (d) requires at least 10 days notice of the time after which a private sale of the car will be made. Exhibit A is evidence of compliance with both notice provisions in the statute, as it was sent May 26, 1989. The statute does not require proof that it was received, and there is a presumption that documents mailed to the correct address, which was the case here, were received. The letter of November 10, 1989 arguably meets the requirement in section 42-98 (e) of notice within 30 days of the resale of disposition of the proceeds. While the letter does not itemize the disposition of the proceeds, it indicates that if there is a dispute over the debt that verification of it would be given, which would presumably be a written statement itemizing the charges less the disposition of the proceeds of the resale of the car. The defendant has produced evidence showing compliance with the notice provisions, and it is not appropriate on a motion for summary judgment to resolve the mixed question of fact and law whether the notice was sufficient. CT Page 2774
The counteraffidavit and attached documents raise sufficient questions of fact that the plaintiff is not entitled to judgment as a matter of law if the directed verdict test is applied.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE