[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Edward and Geraldine Koscelek, filed a one count action on August 21, 1991 seeking to quiet title to a piece of property designated "proposed private road." The plaintiff's claim title by adverse possession. In their complaint, the plaintiffs name James Martin and George Muttit Eldred, "who may claim an interest in the land", as defendants. Eldred has been defaulted for failure to appear. On January 17, 1992, Martin filed an answer and a one count counterclaim seeking "a judgment determining the rights of the parties in and to the land and quieting and settling the title thereto in the defendant Martin." (Counterclaim, para. 4). On March 6, 1992, the plaintiffs filed an answer to Martin's counterclaim, thereby closing the pleadings as between these parties. On March 25, 1992, the plaintiffs filed a motion to consolidate this action with a zoning appeal involving the same property which is the subject of this action. (Koscelek v. Ansonia Planning and Zoning Commission, D.N. 36015). The motion was granted by the court, Curran, J., on April 6, 1992.
On March 25, 1992, the plaintiffs filed a Motion for Summary Judgment on their complaint and the defendant's counterclaim. In support of their motion, the plaintiffs filed a memorandum of law, the affidavits of both plaintiffs, the affidavit of Nicholas Collicelli, the previous owner of the Koscelek's property, and uncertified copies of various deeds and other exhibits. On April 10, 1992, Martin filed a memorandum of law in opposition to the plaintiff's motion for summary judgment, accompanied by Martin's affidavit, the affidavits of Norman H. Smith, Sr. and Lawrence T. Blake, and uncertified copies of various deeds and other exhibits. The plaintiffs filed a reply memorandum dated April 13, 1992, accompanied by more uncertified copies of deeds and an exhibit.
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; see Gurliacci v. Mayer, 218 Conn. 531, 562 A.2d (1991). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380.
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto.
CT Page 6506
Practice Book 381.
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500, A.2d 1031 (1988). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Daily v. New Britain Machine Co., 200 Conn. 562, 568, 512 A.2d 893
(1986).
The function of the trial court in summary judgment proceedings is not to decide issues of material fact but rather to determine whether any such issues exist. Nolan v. Borkowski, supra. The resolution of genuinely disputed issues must be left to a later determination after a full hearing. Telesco v. Telesco,187 Conn. 715, 718, 447 A.2d 752 (1982). In deciding a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. Catz v. Rubenstein, 201 Conn. 39,49, 513 A.2d 98 (1986). "`[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" Batick v. Seymour, 186 Conn. 632,646-47, 443 A.2d 471 (1982), quoting United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376, 260 A.2d 596 (1969). A summary disposition should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. Batick v. Seymour, supra, 647.
At the outset, it should be noted that all of the copies of deeds and other exhibits submitted by the plaintiffs in support of their motion and by Martin in opposition to the plaintiffs' motion are not sworn or certified copies. In an action such as this one, in which evidence in the form of deeds and maps and the dates and descriptions contained therein play an essential role, it is important that copies of such documentary evidence be certified to ensure their integrity. By failing to attach "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit", the parties have not complied with the requirements of Practice Book 381. Since such evidence plays an important role in an action such as this one, and since the plaintiffs bear the burden of proving the absence of a dispute as to any material fact, the court may determine that the plaintiffs' submission of uncertified copies of deeds and exhibits in support of their motion constitutes the submission of evidence which a jury would be at liberty to disbelieve, thereby precluding the granting of the plaintiffs' motion.
Even if the copies of the documentary evidence submitted by the parties had been sworn or certified, genuine issues of material CT Page 6507 fact still remain in dispute.
"In order to establish adverse possession, the claimant must oust an owner of possession and keep such owner out uninterruptedly for fifteen years by an open, visible and exclusive possession under a claim of right with intent to use the property as his own and without the consent of the owner." (Citation omitted.) Woycik v. Woycik, 13 Conn. App. 518, 520, 537 A.2d 541 (1988); see Roche v. Fairfield, 186 Conn. 490, 498, 442 A.2d 911 (1982). Adverse possession must be proven by clear and positive proof, and is to be taken strictly. Lazoff v. Padgett, 2 Conn. App. 246, 248, A.2d (1984), citing Roche v. Fairfield, supra, 498-99. Where title is claimed by adverse possession, the burden of proof is on the claimant. Roche v. Fairfield, supra, 498. "In the final analysis, whether possession is adverse is a question of fact for the trier." (Citation omitted). (Emphasis added). Id., 498-99; see Woycik v. Woycik, supra.
Since the ultimate issue to be determined in an action to quiet a title claimed by adverse possession is a factual one, summary judgment procedure in a case such as the one at hand where such possession is disputed is especially inappropriate. The resolution of such a claim involves the determination of material issues of fact related to the elements underlying an adverse possession claim, including issues of the intent and motives of the parties. In this case, where both parties have submitted affidavits reciting their own versions of the facts, issues of exclusive possession, interruption and consent, as well as many others, remain in dispute. A jury would certainly be at liberty to either believe or disbelieve any of the statements contained in the affidavits regarding any of the parties' claims. To try this case "on paper" by way of summary judgment procedure would deprive the trier of fact of the opportunity to assess the credibility of the parties and witnesses to assist the trier in determining whether to believe or disbelieve any of the statements contained in the affidavits. In a case such as this one, determinations by the trier of the credibility of such testimony will most likely be essential to a fair resolution of all of the issues raised by the parties. Accordingly, the plaintiffs' motion for summary judgment is denied.
The Court
Curran, J. CT Page 6508