[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Edward and Geraldine Koscelek, filed a one count action on August 21, 1991 seeking to quiet title to a piece of property designated "proposed private road". The plaintiffs claim title by adverse possession. In their complaint, the plaintiffs name James Martin and George Muttit Eldred, "who may claim an interest in the land," as defendants. Eldred has been defaulted for failure to appear. On January 17, 1992, Martin filed an answer and a one count counterclaim seeking "a judgment CT Page 9385 determining the rights of the parties in and to the land and quieting and settling the title thereto in the defendant Martin." (Counterclaim, para. 4.) On March 6, 1992, the plaintiffs filed an answer to Martin's counterclaim, thereby closing the pleadings as between these parties.
On March 25, 1992, the plaintiffs filed a motion to consolidate this action with a zoning appeal involving the same property which is the subject of this action. (Koscelek v. Ansonia Planning and Zoning Commission, D.N. 36015). The motion was granted by the court, Curran, J., on April 6, 1992.
On March 25, 1992, the plaintiffs filed a motion for summary judgment on their complaint and the defendant's counterclaim. The motion was denied by the court, Curran, J., on July 8, 1992.
On May 6, 1992, the defendant Martin filed a motion for summary judgment on the complaint and counterclaim. In support of his motion, Martin filed a memorandum of law, his affidavit, the affidavits of Norman H. Smith, Sr. and Lawrence T. Blake, and uncertified copies of various deeds and exhibits. On May 27, 1992, the plaintiffs filed a memorandum in opposition to Martin's motion, in which the plaintiffs "incorporate[d] all arguments and citations from their initial brief" as well as "refut[ed] . . . points raised by defendant Martin in his support brief." (Plaintiffs' Memorandum in Opposition, p. 2).
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; see Gurliacci v. Mayer, 218 Conn. 531, 562 A.2d (1991). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380.
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall CT Page 9386 be attached thereto.
Practice Book 381.
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Daily v. New Britain Machine Co., 200 Conn. 562, 568, 512 A.2d 893 (1986).
The function of the court in summary judgment proceedings is not to decide issues of material fact but rather to determine whether any such issues exist. Nolan v. Borkowski, supra. The resolution of genuinely disputed issues must be left to later determination after a full hearing. Telesco v. Telesco, 187 Conn. 715,718, 447 A.2d 752 (1982). In deciding a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. Catz v. Rubenstein, 201 Conn. 39, 49,513 A.2d 98 (1986). "`[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" Batick v. Seymour, 186 Conn. 632, 646-47,443 A.2d 471 (1982), quoting United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 376, 260 A.2d 596 (1969). A summary disposition should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. Batick v. Seymour, supra, 647.
"In order to establish adverse possession, the claimant must oust an owner of possession and keep such owner out uninterruptedly for fifteen years by an open, visible, and exclusive possession under a claim of right with intent to use the property as his own and without the consent of the owner." (Citation omitted). Woycik v. Woycik, 13 Conn. App. 518, 520, 537 A.2d 541 (1988); see Roche v. Fairfield, 186 Conn. 490, 498, 442 A.2d 911 (1982). Adverse possession must be proven by clear and positive proof, and is to be taken strictly. Lazoff v. Padgett, 2 Conn. App. 246, 248,477 A.2d 155 (1984), citing Roche v. Fairfield, supra, 498-99. Where title is claimed by adverse possession, the burden of proof is on the claimant. Roche v. Fairfield, supra, 498. "In the final analysis, whether possession is adverse is a question of fact for the trier." (Citation omitted). (Emphasis added). Id., 498-99; see Woycik v. Woycik, supra. CT Page 9387
Since the ultimate issue to be determined in an action to quiet title claimed by adverse possession is a factual one, summary judgment procedure in a case such as the one at hand, where such possession is disputed, is especially inappropriate. The resolution of such a claim involves the determination of material issues of fact related to the elements underlying an adverse possession claim, including issues of the intent and motives of the parties. In this case, where both parties have submitted affidavits reciting their own versions of the facts, issues of exclusive possession, interruption, and consent, as well as many others, remain in dispute. A jury would certainly be at liberty to either believe or disbelieve any of the statements contained in the affidavits regarding any of the parties' allegations or assertions in relation to their respective claims. To try this case "on paper" by way of summary judgment procedure would deprive the trier of fact of the opportunity to assess the credibility of the parties and witnesses to assist the trier in determining whether to believe or disbelieve any of the statements contained in the affidavits. In a case such as this one, determinations by the trier of the credibility of such testimony will most likely be essential to a fair resolution of all of the issues raised by the parties.
The defendant Martin's motion for summary judgment is denied.
CURRAN, J.