[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
Defendant moves for summary judgment on both counts of plaintiff's complaint. That complaint alleges damage caused when a "mooring rope" broke causing a vessel to break free, go adrift and run aground, with consequent damage to the vessel.
Plaintiff, as subrogee of the insured owner of the vessel, brings claim against the marina at which the vessel was moored. Count one alleges negligence against the marina in failure to use a chain as opposed to "rope" to secure the vessel. The second count of plaintiff's complaint alleges a claim based on bailment.
When this case was assigned to the undersigned, disclosure was made that this judge has an interest in a sail boat which is CT Page 6911 stored for the winter at the defendant marina. The court further disclosed that the defendant does not do any work on the boat and that the boat is not moored at the defendant marina. The court further disclosed that as a lawyer, the court had represented a number of persons in litigation and other hearings against the defendant, and had, as a judge, heard and decided at least two matters involving the defendant. Both counsel have indicated that the foregoing was not a matter for disqualification, and the court agrees.
Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81 (1980). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. `Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . .'" (citations omitted). Burns v. Hartford Hospital, 192 Conn. 451,455 (1984). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, supra, 781.
There is no dispute that the vessel in question was moored at the defendant marina pursuant to a contract which contains the terms and conditions of the rental of the mooring by the marina to the owner of the vessel, in whose shoes, of course, the plaintiff stands. The form contract is entitled a "Dock and Mooring Contract." It appears that the same form contract was used for vessels which were docked at slips along side piers, and, as is the case with this vessel, moored offshore with the vessel attached to a large anchor embedded in the bottom beneath the surface of the water on which the vessel floats. The contract provides in paragraph 6 that "lessee agrees that all mooring pennants, docklines and fenders, however provided are solely the property of the lessee and agrees to release and discharge lessor from any and all responsibility or liability for injury, loss or damage caused by failure of same." Since CT Page 6912 the vessel in question was moored and not docked, the reference to fenders and dock lines is inapposite. If the part of the mooring system which failed was a "mooring pennant" the defendant is entitled to summary judgment on the first count of plaintiff's complaint.
Webster's Third New International Dictionary (unabridged) (1961) defines pennant as an alternative spelling of pendant and gives the nautical meaning as "a length of rope or wire rope with eyes, blocks or hooks spliced in ends — often used with a qualifier specifying purpose (as in . . . a mooring pendant).
Plaintiff has submitted, along with a Memorandum in Opposition to Defendant's Motion for Summary Judgment, an affidavit from the boat owner which claims that the line between the float and the bottom chain holding the vessel broke, and further states that "that line is not, nor could it be considered, a mooring pennant or dock line." Clearly, the line that broke could not be a dock line since the vessel was not tied at a dock when the line broke. The boat owner's affidavit does not suggest what the line is if it is not a mooring pennant, nor does the boat owner's affidavit indicate what he thinks a mooring pennant is. It is obvious to the court, from the court's personal experience over some four decades of sailing, that what broke is a mooring pennant, and that the plaintiff's claim that that the vessel should have been moored with chain instead of line is a claim most appropriately addressed to the boat owner, if plaintiff had any claim against its insured. The question of whether a boat owner would wish a chain to be in direct contact with his vessel is an interesting one, but one beyond the scope of the issues raised by this motion for summary judgment. In spite of the court's conclusion that the mooring pennant is the part of the mooring system which failed, that conclusion by the court is more in the nature of issue determination than issue finding. This case is not submitted for trial but only on a motion for summary judgment. Because the burden of proof is on the movant, the non-movant is entitled to the benefit of all favorable inferences that can be drawn. Evans Products Co. v. Clinton Building Supply, Inc.,174 Conn. 512, 516 (1978). The function of the trial court in summary judgment proceedings is not to decide issues of material fact but rather to determine if any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). See also Telesco v. Telesco, 187 Conn. 715, 718 (1982). Issue finding, rather than issue determination, is the key to the procedure; Yanow v. Teal CT Page 6913 Industries, Inc., 178 Conn. 262, 269 (1979). The resolution of genuinely disputed issues must be left to a later determination after a full hearing. Telesco v. Telesco, supra.
By the thinnest of margins, the court concludes that the question of whether or not the part of the mooring system which failed was a "mooring pennant" or not, is at issue, and is, of course, a material fact. Therefore, summary judgment cannot be granted on the first count.
With respect to the second count, the plaintiff alleges a bailment, presumably to avail itself of the inference of negligence which arises from the return of bailed property to the owner in a damaged condition. Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 408 (1982).
"A bailment is a consentual relation and it includes, in its broadest sense, any delivery of personal property in trust for a lawful purpose." (Citation omitted). Hartman v. Black 
Decker Mfg. Co., 16 Conn. App. 1, 6 (1988). "The essential element of bailment is the express or implied assumption of control over the property by the bailee" (citations omitted). Hartman v. Black Decker Mfg. Co., supra. From the affidavits and other proof submitted with the motion for summary judgment, it is clear that the boat owner retained complete control over the vessel at all times. It is true that the contract provides that in an emergency situation the marina is permitted to move the unattended boat of the lessee to a safer location, but there is no allegation that this was indeed the situation. The boat owner would get to his vessel as it was tied to its mooring offshore, and would sail away and then return to the mooring and secure the vessel. The missing element of bailment is the fact that the boat owner at no time delivered up the property, that is the boat, to the defendant. This is not unlike the situation where one rents a parking space and retains the keys to one's car and further retains the right to enter and leave the parking space at such times as the vehicle owner wishes, without any interference or control by the property owner. While it is true that the allegations of the second count sufficiently allege a bailment so as to withstand a motion to strike, for purposes of summary judgment, the court finds that there is no material issue of fact and that the defendant is entitled is entitled to judgment as a matter of law on the second count.
For the foregoing reasons, the motion for summary judgment is denied as to count one and granted as to count two.
Koletsky, J. CT Page 6914