[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT AETNA'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Blakeslee Arpaia Chapman, Inc., commenced this action by writ, summons and complaint in 1984 against the defendant-surety, Aetna. The plaintiff seeks to recover under a payment bond for labor and materials it allegedly provided as a subcontractor on a public project for the City of Waterbury.
Counts II and VII are the subject of defendant Aetna's motion for summary judgment. In Count II of its complaint, the plaintiff seeks payment for the fair market rental value of the equipment seized and impounded by the City of Waterbury. The plaintiff also seeks reimbursement for the costs of maintaining workers on standby, and of demobilization on October 15 and 16, 1984. In Count VII, the plaintiff seeks reimbursement for overhead allocable to Contract #82-11, and profits lost during the delay from September 15, 1984 through March 15, 1985.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592 (1991) The party seeking summary judgment has the burden of proving the nonexistence of any material fact. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980). A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, 192 Conn. 451, 455,472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304,309, 407 A.2d 971 (19787). "The test is whether the party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 637, 443 A.2d 471 (1982).
The defendant, in it's motion for partial summary judgment on Count II contends that where equipment is owned the use value is not an "out of pocket" expense, but rather, it is more like lost profits and therefore not recoverable under the bond. CT Page 8278
In order for this court to reach the issue of whether defendant Aetna's motion for summary judgment on the idle equipment claim in Count II of the plaintiff's complaint should be granted, Aetna must establish that the plaintiff's equipment was in fact "idle" or not used. Equipment use has been defined as equipment on site and "available for use." United States ex rel. Pippin v. J.R. Youngdale Constr. Co., 923 F.2d 146, 150 (9th Cir. 1991).
In Pippin, the plaintiff supplied equipment for the use of a subcontractor on a government project. The subcontractor suspended his work on February 8, 1985, but continued to negotiate with the general contractor and owner concerning completion under a change order. The subcontract was not actually terminated until February 18, 1985. Although the plaintiff's equipment was last used on February 8, the court held it was available for use until February 18, 1985. The statute of limitations began running on that date, making the plaintiff's Miller Act claim timely. Id., at 150.
In the case at bar, the evidence submitted by the defendant, specifically the affidavit of Joseph S. Maranchie, who was employed by the design engineer, Camp, Dresser and McKee, Inc., for the project, stated that "based on personal observation and familiarity with the project, the equipment on the site and status of construction for the period of September 14, 1984 through October 15, 1984, I know that none of the equipment . . . was used during the period of September 14, 1984 through October 15, 1984, except the three Electric pumps, 3" Discharge identified on page 2 of 2, to in any way construct the project and that the listed equipment was idle during that period."
The plaintiff on the other hand submitted the affidavit of Leonard J. Assard, who was employed by the City of Waterbury and represented the City in connection with the construction project that has lead to the bond coverage dispute. In his affidavit, Assard states at paragraph 8 that "the City retained all of the equipment, materials and tools on the site as of September 14, 1984. These included certain construction equipment such as cranes and trucks, which had been supplied to the project by EI. . . ." Paragraph 9 of the Assard affidavit further states that "[d]uring the period between September 14, 1984 and approximately October 12, 1984, the City was engaged in communications with Aetna to seek to effect completion of the project by Aetna pursuant to Aetna's obligations under the bond. During this time, the City maintained the status quo at the site with regard to construction equipment, materials, tools and work in process in furtherance of its efforts CT Page 8279 to effect completion of the project." (Emphasis in original).
Since the City seized the plaintiff's equipment to maintain the "status quo" at the site while defendant Aetna and the City were negotiating completion of the project, defendant Aetna has not established that the plaintiff's equipment was not "available for use," and therefore idle. Therefore this court need not address the issue of whether use value is an "out of pocket" expense or lost profits which the defendant contends are not recoverable under the bond.
In addition, there is another reason to deny partial summary judgment as to Count II of the plaintiff's complaint. A review of the affidavits and statements of fact in the briefs makes it readily apparent that there is conflicting evidence as to whether the plaintiff's seized equipment was in use between September 14, 1984 and approximately October 12, 1984. Where the evidence, as here, is in conflict, its probative force is for the trier. Robert Lawrence Assoc's, Inc. v. Del Vecchio, 178 Conn. 1, 14,420 A.2d 1142 (1979).
The plaintiff, in Count II also seeks recovery for the costs of standby labor and demobilization. Whether these costs are recoverable under the bond presents questions of material fact.
Under General Statutes 49-42, the plaintiff is entitled to recover for labor and materials furnished in the prosecution of the work. What constitutes such labor and materials is a question of fact. See United States ex rel. J. P. Byrne Co. v. Fire Assoc. of Philadelphia, 260 F.2d 541, 543-44 (1958). In J. P. Byrne Co., the Second Circuit stated:
 The courts have refrained from attempting an all inclusive definition of material furnished in the prosecution of the work . . . . We make no attempt to do so here, for the facts and circumstances of each case are the sole determinants of the definition.
United States ex rel. J. P. Byrne Co. v. Fire Assoc. of Philadelphia, supra, 543-44. Labor and materials need not be actually used in the project covered by the bond as long as they are made available in good faith. See United States ex rel. J. P. Byrne Co. v. Fire Assoc. of Philadelphia, supra. CT Page 8280
In the case at bar, the plaintiff furnished labor in good faith to the Waterbury project after the work stoppage order of September 14, 1984. The plaintiff's contract had not been terminated, and it was never informed when work would resume. The plaintiff kept one man on standby for four hours and two men standby for one week until replacement positions for these men were found. See Affidavit of Roger Chapman. Whether the plaintiff's actions were reasonable under the circumstances is a question of material fact.
This court does not need to address the issue of demobilization at this time because Connecticut does not have a procedure for rendering judgment for a defendant on part of a count of a complaint. A summary judgment cannot be granted for a defendant unless it disposes of all of the issues in the count. Telesco v. Telesco, 187 Conn. 715, 718-19, 447 A.2d 752 (1982).
In Count VII of the complaint, the plaintiff seeks lost profits and overhead expenses for the delay which occurred between the work stoppage order of September 14, 1984 and the resumption of work after March 15, 1985.
The defendant, Aetna in it's motion for partial summary judgment contends that lost profits and overhead expenses are not recoverable against a surety. In support of its position, that overhead expenses are not recoverable against a surety, the defendant relies on a Pennsylvania case, Salvino Steel Iron Works, Inc. v. Fletcher Sons, Inc., 580 A.2d 853 (Pa. 1990).
The plaintiff, on the other hand, contends that a "subcontractor can recover `out of pocket' costs of delay from a Miller Act surety" if the subcontractor did not cause the delay. See Mai Steel Services, Inc. v. Blake Constr. Co., 981 F.2d 414, 418
(9th Cir. 1992); United States ex rel. Lochridge-Priest, Inc. v. Con-Real Support, Inc., 950 F.2d 284, 287 (5th Cir. 1992); United States ex rel. Pertun Construction Co. v. Harvesters Group, Inc.,918 F.2d 915, 918 (11th Cir. 1990); United States ex rel. Heller Electric Co. v. William F. Kingensmith, Inc., 670 F.2d 1227, 1231-32
(D.C. Cir. 1982).
Although none of the cases cited above have determined the issue of whether overhead costs constitute "out of pocket costs of delay," Connecticut courts have, however, held that a contractor may recover overhead costs as an element of delay damages. See Southern New England Contracting Company v. Connecticut, 165 Conn. 644, CT Page 8281 664, 345 A.2d 550 (1974); Walter Kidde Constructors, Inc. v. State, 37 Conn. Sup. 50, 82, 434 A.2d 962 (1981).
Since it has not been established that the plaintiff was in any way responsible for the delay between September 15, 1984 through March 15, 1985, and since the defendant has not cited any authority that overhead costs do not constitute "out of pocket costs of delay" the defendant has not met it's burden as a matter of law.
As to the issue of lost profits in Count VII, again as stated above, a summary judgment cannot be granted for a defendant unless it disposes of all of the issues in the count. Telesco v. Telesco, supra, 718-19.
Accordingly, for the foregoing reasons the defendant's motion for summary judgment on Counts II and VII of the plaintiff's amended complaint is denied.
RICHARD A. WALSH, J.