[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is a defective premises liability case in which the plaintiff employee of an outside contractor fell on an oil slick and sued the defendant Pepperidge Farm. Pepperidge Farm made a third party complaint against its asbestos removal contractor, Vic's, claiming its negligence caused the injury. Vic's in turn impleaded its subcontractor Petco which employed plaintiff Scrivines. Petco has sought to obtain summary judgment in its favor on the basis that the exclusivity provision of the Worker's Compensation Act, General Statutes § 31-284a, bars recovery. If the employer can be said to have breached an independent duty towards the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity or contribution may be allowed. Because Vic's counter affidavit raises a factual question about just such a duty to indemnify, summary judgment is denied.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as CT Page 4234 a matter of law lies with the moving party." Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.)Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
In support of its motion, Petco relies on Ferryman v. Groton,212 Conn. 138, 143, 561 A.2d 432 (1989) and argues it is entitled to judgment as a matter of law based on the exclusivity provision of the Workers' Compensation Act. Petco also contends that an exception does not apply because Vic's has failed to provide any evidence of an exception arising out of an implied or expressed contractual or independent duty on Petco's part to indemnify Vic's, or to perform the job in a safe manner and with due care.
In opposition to Petco's motion for summary judgment, Vic's counters that an exception does apply because Petco agreed to defend, indemnify, and hold Vic's harmless from any and all claims, liability and damages, as well as to perform the job in a safe manner and with due care.
Both parties have submitted conflicting documents about whether Petco agreed to defend, indemnify, and hold Vic's Insulation harmless from any and all claims, liability and damages, as well as to perform the job in a safe manner and with due care. This fact is dispositive of the issue of whether an exception to the exclusivity provision of the Workers' Compensation Act is applicable. "The function of the trial court, in summary judgment proceedings, is not to decide issues of material fact but rather to determine whether any such issues exist." Telesco v. Telesco,187 Conn. 715, 718, 447 A.2d 752 (1982). "A material fact is one that will make a difference in the result of the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). Conflicting evidence presents a genuine issue of material fact. Petco's motion for summary judgment is denied
FLYNN, J.