ANGELO J. TELESCO v. DOMINICK W. TELESCO ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued June 2—decision released August 3, 1982

*Bruce L. Levin,* for the appellant (plaintiff).
*Tobias Weiss,* for the appellees (defendants).

PARSKEY, J.   The plaintiff brought this action in
two counts, claiming in the first count a dissolution
of the defendant corporations and other relief and
in the second count a stockholder's derivative suit
and an individual action against the named defend-

ant. The complaint was filed in the Superior Court in September, 1978. In October, 1978, the plaintiff filed motions for the appointment of a temporary receiver and for "such orders . . . for . . . the management of the . . . Corporations . . . as may be judged necessary and proper." After a hearing on the motion the trial court, on May 15, 1980, issued a memorandum of decision directing that a judgment enter "denying the application for the appointment of a receiver and for dissolution of the corporation . . . ." At no time prior thereto had the defendants filed an answer or other responsive pleading to the plaintiff's complaint. On May 31, 1980, the plaintiff filed a notice of intention to appeal the court's decision after the entry of final judgment "which disposes of the cause for all purposes and as respects all parties, specifically having reference to the Second Count of the Plaintiff's Complaint." On June 5, 1980, the defendants filed an answer and three special defenses to the second count of the complaint. On the same date they also filed a motion for summary judgment with respect to the second count. The plaintiff filed a motion to strike the special defenses. On July 11, the defendants filed their answer to the first count. On July 30, the court, relying on the factual conclusions contained in its earlier decision and on its further finding that in view of the opposition of the other stockholders "it is difficult to see how Angelo [the plaintiff] could be acting in a representative capacity," granted the motion for summary judgment.

Thereafter the plaintiff moved to open this judgment on the ground that because the pleadings were not closed on the second count the court could not render a summary judgment on this count as a matter of law. Practice Book § 379. On December

12, 1980, the court opened the judgment on the second count, granted the plaintiff's motion to strike, reaffirmed its decision of May 15, 1980, and ordered that judgment enter in accordance therewith. On December 24, 1980, the court issued a supplemental memorandum of decision in which it corrected its decision of December 12 by including therein the decision of July 30 and affirming the May 15 decision in all other respects.

A summary judgment shall be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is thus entitled to judgment as a matter of law. Practice Book § 384; *Yanow* v. *Teal Industries, Inc.*, 178 Conn. 262, 268, 422 A.2d 311 (1979). The function of the trial court, in summary judgment proceedings, is not to decide issues of material fact but rather to determine whether any such issues exist. Id., 269. The resolution of genuinely disputed issues must be left to later determination after a full hearing. Ibid.

The trial court's action is fatally flawed in a number of respects. First, it did not address all of the issues raised in the second count. This count contained two separate causes of action, one by the plaintiff individually, the other in a representative capacity. In his individual action the plaintiff alleged that the named defendant coerced him into executing a stockholder's agreement limiting transferability of stock in one of the corporations. The named defendant did not address this claim by way of affidavit and the trial court either overlooked or ignored it. In any event since it does not appear

that the moving party was entitled to judgment as a matter of law on this cause there was no basis for the court's action in this respect.

Second, with reference to the derivative action the trial court accepted as undisputed facts its conclusions on the interlocutory motion. The conclusions of a court in an interlocutory proceeding in no way foreclose the rights of parties to present and prosecute their claims fully at the time of the trial on the merits. *Fitzgerald* v. *Fitzgerald*, 169 Conn. 147, 151, 362 A.2d 889 (1975). Res judicata and collateral estoppel depend on the existence of a valid final judgment on the merits. *Corey* v. *Avco-Lycoming Division*, 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973). For the purpose of the summary judgment proceeding whatever factual determinations were made in the interlocutory proceedings were still in dispute.

The defendants' contention that what started as an interlocutory proceeding developed into a trial on the merits of the first count is without merit[1] for failure of the defendants to file an answer. Jurisdiction involves the right to adjudicate concerning the subject matter in a given case. For the establishment of this right there are three essentials: first, the court must have cognizance of the

[1] The defendants' characterization of the hearing on the motion for appointment of a receiver as a trial on the merits finds no support in the record. The hearing, which began on November 20, 1978, and concluded on July 24, 1979, is replete with evidentiary objections by the plaintiff based on the limited nature of the hearing and confirmatory comments by the court. At no time during the hearing did the defendants assert that the hearing was anything other than what it purported to be. At oral argument before this court the defendants conceded that the parties never stipulated or otherwise agreed that the hearing on the motion could be expanded into a trial on the merits of the first count.

class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the issue. *Case* v. *Bush,* 93 Conn. 550, 552–53, 106 A. 822 (1919). The third essential was not satisfied in this case. What is in issue is determined by the pleadings and these must be in writing. "Oral pleading was permissible prior to the time in the reign of Edward III, when the method was changed so as to require written pleadings. Thereafter in England, and always in the United States, pleadings were required to be written." *New Haven Sand Blast Co.* v. *Dreisbach,* 104 Conn. 322, 328–29, 133 A. 99 (1926). "A court cannot be allowed to act *ex mero motu* upon an oral [pleading], else this practice will extend, and ere long the entire fabric of our system of written pleadings be demolished. Counsel will be at issue as to what was decided and what grounds were urged, uncertainty and confusion will result, and the present safeguards found in the rule that limits the authority of a court to act under the limitations of the law and upon a particular question which it had the right to adjudicate upon, will disappear." Id., 330–31; *Savelli* v. *Shapiro,* 152 Conn. 705, 706, 206 A.2d 647 (1965). A judgment in the absence of written pleadings defining the issues would not be merely erroneous, it would be void. *Gardner* v. *East Rock Lodge,* 96 Conn. 198, 211–12, 113 A. 308 (1921). A void judgment is not subject to judicial reincarnation by the filing of written pleadings post-judgment.[2] Therefore to the extent that the trial court, on its own motion, purported to reopen

[2] This is not a case where the parties had followed an oral stipulation with appropriate written pleadings before the entry of judgment. See *Avis Rent-A-Car System, Inc.* v. *Crown High Corporation,* 165 Conn. 608, 614, 345 A.2d 1 (1973).

and transmogrify its May 15 judgment from a decision on an interlocutory motion to a judgment on the merits of the first count its efforts were futile.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.