[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is a medical malpractice action by Eva Staar PPA Helen Staar, and Helen Staar individually against physician Murat Merdinolu and Norwalk Hospital. The third count of the six count amended complaint (Helen Staar v. Murat Merinolu) alleges, inter alia, that the defendant's negligent care and treatment of the mother, Helen Staar, during her pregnancy, labor, and delivery resulted in injuries to Eva Staar, the infant plaintiff. The count further alleges a claim for intentional infliction of severe psychological, physiological CT Page 3398 and emotional distress to the mother.
The defendant physician now moves for summary judgment on this count on the ground that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law because plaintiff's claim for emotional distress is not recognized under Connecticut law. The pleadings are closed.
Summary judgment is a means of resolving litigation when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. 384 (rev'd. to 1978, as amended Oct. 1, 1990). The moving party has the burden of showing the absence of a genuine issue of fact and an entitlement to judgment as a matter of law. Mingachos v. CBS, Inc., 196 Conn. 91 (1985). The court's function on the motion is to determine whether such a fact exists, but not to decide such issue. Telesco v. Telesco, 187 Conn. 715, 718 (1982).
The defendant argues that a bystander to alleged medical malpractice cannot state a cause of action for emotional distress, and therefore, as a matter of law he is entitled to judgment on the third count. In opposition the plaintiff contends that her claim is not one for bystander recovery, based on malpractice upon another, but on malpractice upon herself, and therefore there is at least a question of fact as to whether she was a bystander to the birth of her child. In support of her objection to the motion, plaintiff has submitted numerous exhibits which indicate that she and the defendant had a physician-patient relationship during at least the period of September 25, 1985 through April 28, 1986.
Under Connecticut law, a bystander to medical malpractice perpetrated on another may not recover for emotional distress. Maloney v. Conroy, 208 Conn. 392, 393 (1988). However, a distinction is recognized between claims for bystander recovery and claims for negligent infliction of emotional distress based on the breach of a direct duty owed to the plaintiff-mother by virtue of the physician-patient relationship. See, e.g. Michaud v. Johnson, 4 CSCR 720 (August 16, 1989, Schaller, J.); Dowie v. McCarthy, 2 CSCR 666 (May 28, 1987, Gill, J.); Santilli v. Kharma, 2 CSCR 446 (March 27, 1987, Healy, J.) (mother not a mere bystander at birth of her child); Martinez v. Bridgeport Hospital, 1 CSCR 568 (July 22, 1986, Spear, J.); Britton v. Borelli, 7 Conn. Law Trib. No. 25, p. 11 (Super.Ct., June 5, 1981, Moraghan, J.).
A plaintiff claiming unintentionally inflicted emotional distress has the burden of pleading and proving(l) that the CT Page 3399 defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress and (2) that the distress, if caused, might result in illness or bodily harm. Montineri v. Southern New England Telephone Company,175 Conn. 337, 345 (1978). In the cases recognizing the distinction, the court's have reasoned: "`To infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician. In such a circumstance . . . there are two within the zone of danger and the doctor owes a duty to each . . . ." Britton v. Borelli, 7 Conn. Law Trib. No. 25 at p. 13 (quoting Howard v. Lecher, 42 N.Y.2d 109, 116 (Cooke, J. Dissenting). "There is a duty of proper obstetrical care owed to a mother during childbirth, and that for breach of that direct duty there may be recovery by the mother for emotional distress." Santilli v. Kharma, 2 CSCR 446; see also Rockford v. Hartford Hospital, 2 Ct. LR 41 (August 6, 1990, Hennessey, J.).
Contrary to the defendant's characterization of plaintiff's claim (third count), as one for bystander recovery for emotional distress arising out of alleged malpractice committed on the plaintiff-mother, the alleged breach of duty owed directly of her by the defendants. Therefore, the defendant has not shown his entitlement to judgment as a matter of law, and his motion for summary judgment is denied.
CIOFFI, J.