[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. The moving party must make a showing that it is clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246,247.
Under section 47a-7 (a)(4) of the General Statutes the landlord is required to maintain all appliances supplied as part of the leased premises in good and safe working order and condition. The defendant claims that she was not given notice of the specific problem with the right front burner on the stove in the apartment. The plaintiffs admit that they didn't give notice of the specific problem since they were not aware of it before they were injured, but the record presented on the motion shows that there were other prior problems with the stove and the defendant was aware of them. CT Page 1965 There is a question of fact whether the defendant had constructive notice of the defect when she had prior actual notice of other defects and problems with the stove.
A summary judgment cannot be granted unless a party is entitled to a directed verdict on the same facts. Connell v. Colwell, supra, 247; Batick v. Seymour, 186 Conn. 632, 647. In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski 206 Conn. 495, 500; Telesco v. Telesco, 187 Conn. 715,718. The notice question cannot be resolved on a motion for summary judgment. On the facts presented the moving party is not entitled to judgment if the directed verdict test is applied.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE