[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant argues by way of a motion for summary judgment that plaintiff's claims are barred by the applicable statutes of limitation.
In her amended complaint filed on May 14, 1991 plaintiff alleges that she was a passenger on defendant's bus on August 27, 1987. She claims that as she was exiting the bus, she was caused to slip and fall on the stairs of the bus thereby sustaining various personal injuries.
Defendant in a special defense avers that plaintiff's claims are barred by the applicable statutes of limitation and moves for summary judgment claiming that there is no genuine issue of material fact and that judgment should enter as a matter of law.
Summary judgment is appropriate when the pleadings, affidavits and other properly submitted evidence demonstrates that there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book Section 384; Telesco v. Telesco, 187 Conn. 715, 178 (1982). The opposing party cannot simply assert the existence of a disputed fact but must submit evidence which demonstrates that a dispute as to a material fact exists. Bartha v. Waterbury House Wrecking Co.,190 Conn, 8, 12 (1983).
The applicable statute of limitations states that no action "to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered." General Statutes Section 52-584. The statute further states that in no event, except in the case of the filing of a counterclaim, may an action "be brought more than three years from the date of the act or omission complained of." Id.
According to the plaintiff's complaint, she suffered her injuries due to the defendant's negligence on August 27, 1987. The original complaint filed in this case was filed July 20, 1990. Thus, the complaint was filed within three years of the act complained of, but more than two years from when the injuries were CT Page 552 sustained. Unless the plaintiff can demonstrate that there is a dispute as to whether the complaint was filed within two years from when the injury "in the exercise of reasonable care should have been discovered," then summary judgment is appropriate in this case.
The defendant argues that the plaintiff discovered her injury when she fell, and thus this suit is barred by the statute of limitations. Alternatively, the defendant argues that, in the exercise of reasonable care, the plaintiff should have discovered her injury before July 20, 1988 (two years before the case was filed). The plaintiff argues that the two-year period does not begin to run until the plaintiff realizes she has a legal cause of action. The plaintiff has submitted her own affidavit which states that she "had not realized that the defendant's Northeast Transportation Company, conduct caused my injuries until after August 7, 1988." The plaintiff argues that when the plaintiff discovered her injury is a question of fact and not suitable for determination on a motion for summary judgment.
The plaintiff cites Hamilton v. Smith, 773 F.2d 461 (2d. Cir. 1985) (applying Connecticut law), as support for her proposition that the two-year period does not begin to run until the plaintiff has "discovered all of the essential elements of the cause of action it seeks to assert." In Hamilton, the court reversed the decision of the District Court, which had granted summary judgment. Id., 468. The court in Hamilton concluded that injury did not only mean physical injury but "actionable harm." Id., 464. Thus, relying on Connecticut Supreme Court precedent, the court stated that the two-year period begins to run when the plaintiff discovers "the causal connection between that harm and the alleged negligent conduct of the defendant." Id.
However, the court in Hamilton speaks broadly when it states that the two-year period does not begin to run "as long as the plaintiff is unaware of the right he seeks to assert." The statute places a burden on a plaintiff to exercise reasonable care to discover the cause of her injury. Thus, an injury under the statute "occurs when the plaintiff . . . in the exercise of reasonable care should have discovered, the essential elements of a cause of action." Lambert v. Stovell, 205 Conn. 1, 6 (1987) (emphasis added). Furthermore, the court in Hamilton noted that the situation there was that "unusual case in which injury and causation are not apparent at the time of the occurrence." Hamilton, supra, 464.
The defendant argues that Merly v. State, 211 Conn. 199
(1989) supports its position that summary judgment is appropriate. There, the plaintiff's decedent had committed suicide while in a state psychiatric hospital. Id., 202. The applicable statute of CT Page 553 limitations was one year, though it contained the same "in the exercise of reasonable care should have discovered" language in General Statutes Section 52-584. The court noted that the plaintiffs waited one and one-half years after the suicide before beginning an investigation into the suicide, and stated that this delay "constituted as a matter of law a failure to exercise reasonable care to discover the accrual of the wrongful death claim." Id., 208.
Similarly, in the instant case, where the plaintiff simply claims that she fell as a result of defective stairs on a bus, her delay in filing also constitutes, as a matter of law, the failure to exercise reasonable care to discover her legal injury.
Furthermore, plaintiff does not dispute that on April 28, 1988 an attorney claiming to represent her sent a letter to defendant stating that plaintiff was injured in a slip and fall on defendant's bus on August 27, 1987 and that she intended "to press a claim against you for said injuries." One should infer from this letter of representation the plaintiff knew and was advised of her cause of action emanating from the facts in question. Plaintiff does not dispute that her representation as early as April 28, 1988, was within the two year period of limitations.
Unlike Hamilton, supra, this is not the "unusual case" where injury and causation "are not apparent at the time of the occurrence." Therefore, defendant has carried its burden of demonstrating that the claim is barred by applicable statutes of limitations.
Defendant's motion for summary judgment is granted.
LANGENBACH, J.