[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (NO. 172) CT Page 3180
The plaintiffs, Tony R. Senes, a minor, and his father, Antonio Senes, filed an amended complaint against the defendant Trumbull Board of Education and other defendants. Plaintiffs allege that Tony R. Senes was struck by an automobile while walking home from school and suffered serious personal injuries. The plaintiffs allege that the Trumbull Board of Education is at least partly responsible for the plaintiffs' injuries as a result of its policy of not providing transportation for children who live within one mile of their school.
Defendant Board of Education filed this motion for summary judgment claiming immunity under the doctrine of governmental immunity.
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Hammer v. Lumbermen's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (199). "The function of the trial court, in summary judgment proceedings, is not to decide issues of material fact but rather to determine whether any such issues exist." Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752 (1982). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-7, 571 A.2d 116
(1990).
"Local boards of education . . . are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits." R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218, 504 A.2d 542
(1986). "Although municipalities enjoy some limited governmental immunity from liability, they have no sovereign immunity and may therefore sue and be sued as any other natural person, corporation or other entity." (Citations omitted.) Giannitti v. Stamford, 25 Conn. App. 67, 79, 593 A.2d 140
(1991). However, "[a]t common law, Connecticut municipalities CT Page 3181 enjoy governmental immunity, in certain circumstances, from liability for their tortious acts." Ryszkiewicz v. New Britain,193 Conn. 589, 593, 479 A.2d 793 (1984).
 "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action."
Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167-68,544 A.2d 1185 (1988), quoting Gauvin v. New Haven, 187 Conn. 180,184, 445 A.2d 1 (1982).
The defendant Board of Education argues that because the plaintiffs allege that it was negligent in promulgating its transportation policy for the district, it is immune from liability under the holding of Heigl v. Board of Education,218 Conn. 1, 587 A.2d 423 (1991) In that case, the court held that "[t]he act of promulgating a policy . . . is a discretionary activity," thereby insulating a school from liability. Heigl v. Board of Education, supra, 5.
Here plaintiffs allege more than just negligence in promulgating the district's transportation policy. In the third count of their complaint, which is directed to the Trumbull Board of Education, the plaintiffs allege that the Board was negligent in the following respects:
 (c) In that the Defendant failed to take proper and necessary precautions to insure the safety of children walking to and from school, including the Plaintiff, in one or more of the following respects: (1) In that they failed to adequately post warning signs before the crest of the hill immediately north of the cross walk, and (2) In that they failed to relocate said cross walk area to a location further away from the foot of a steep hill, adjacent to a CT Page 3182 sharp curve, thereby rendering said highway to be dangerous and unsafe.
 (d) In that they failed to properly equip the school crossing guards who assisted said children walking to and from school, with warning devices, including signs and noise making equipment, to prevent motorists from travelling into the intersection when it was unsafe to do so.
 (e) In that they failed to warn the Plaintiff of the dangerous and unsafe condition facing children walking to and from school, including the Plaintiff, which dangerous and unsafe condition referred to is motor vehicles travelling at high rates of speed and in great number during school hours.
These additional allegations are unrelated and in addition to the allegation of negligent policy making. Before a determination of governmental immunity can be made, the court must first determine whether the allegations of negligence that do not involve the promulgation of policy concern acts which are ministerial or discretionary in nature. In the absence of case law that is directly on point, "`[w]hether the acts complained of . . . [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of.'" (Citations omitted.) Couture v. Board of Education, 6 Conn. App. 309,311, 505 A.2d 432 (1986).
The movant submitted no authority which has determined whether the failure to protect or warn children walking to and from school of possible dangers, or the failure to properly equip school crossing guards, involves discretionary or ministerial acts. There are genuine issues of material fact regarding the nature of the acts alleged by the plaintiff; therefore, the motion for summary judgment is denied.
E. EUGENE SPEAR, JUDGE CT Page 3183