[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 29, 1991, the plaintiff, Johnson Lee filed a fourteen count action against the defendants, Richard Freeman and David Loftus, former officers of the Bank Mart. The plaintiff alleges that the dispute arose out of a joint venture, wherein the plaintiff and a non-party, G. Barrett Montgomery, entered into an agreement with the Bank Mart to develop a condominium complex on real property in Greenwich.
The plaintiff alleges that the defendants failed to inform the plaintiff of certain faces concerning the negotiation and closing of April 1988 loans for the refinancing of the condominium project. The plaintiff's revised complaint in counts one through seven alleges: negligence, fraud, tortious interference with contractual relations, tortious interference with a business expectancy, a violation of the Connecticut Unfair Trade Practice Act ("CUTPA"), and both negligent and international infliction of emotional distress against Freeman. The plaintiff's revised complaint reiterates the same claims against Loftus in counts eight through fourteen.
On November 30, 1993 the defendants filed separate motions for summary judgment, both with accompanying memoranda in support. On January 21, 1994, the plaintiff filed an objection to the defendants' motions with a supporting memorandum of law and a supporting affidavit. On February 4, 1994, Loftus filed two affidavits and responses to the plaintiff's objection, one in support of his motion and one in support of Freeman's motion. On February 17, 1994, the plaintiff filed an additional memorandum objecting to the defendants' motions for summary judgment.
The purpose of the "summary judgment procedure is . . . to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned then a full dress trial." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375, 260 A.2d 576 (1969). "[T]he party seeking summary judgment has the burden of showing the non-existence of any material fact . . ." (Citation omitted.) Scinto v. Stamm,224 Conn. 524, 530, 620 A.2d 99 (1993). The function of the trial CT Page 4018 court in summary judgment proceedings is not to decide issues of material fact, but rather to determine if any exist. Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752 (1982). The summary judgment procedure is inappropriate where the inferences which the parties seek to have drawn deal with questions of motive or intent. Batick v. Seymour, 186 Conn. 632, 646, 443 A.2d 471 (1982).
The defendants argue that they are entitled to summary judgment because in April 1988, Lee, while represented by counsel, signed a release in favor of the Bank Mart and its officers. The defendants argue that the release includes them and, thus they cannot be held liable. The defendants argue further that all of the claims are barred by the applicable statutes of limitations and that the limitations periods have not been tolled by the fraudulent concealment statute. The plaintiff argues that summary judgment would be inappropriate because issues of fact exist and because of the allegations of fraud.
In plaintiff's affidavit he states that he did not discover that he had been defrauded by the defendants until the summer of 1991. For example, the plaintiff states that in reviewing discovery materials in 1991, he learned that the bank's lawyers failed to include language to make future advances on the loans superior to any intervening liens of the creditors. Furthermore, the plaintiff claims that the documents that he executed during the closing or refinancing of 1988, including the release, were obtained by fraud and economic duress.
Loftus, in his affidavits, states that "I was present at the April 15, 1988 closing of the Waterford project refinancing loans. I saw Mr. Lee sign the release in question. He signed of his own free act and will." The conflicting affidavits demonstrate the existence of a genuine issue of material fact.
Additionally, the plaintiff's fraud claim will require him to prove, inter alia, that the defendants made representations which they knew to be false. Gelinas v. Gelinas, 10 Conn. App. 167, 173,522 A.2d 295 (1987). The summary judgment procedure is inappropriate where the inferences which the parties seek to have drawn, deal with questions of motive or intent. Batick v. Seymour, supra. "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be give their testimony can be appraised." United Oil Co. v. Urban Redevelopment Commission, supra, 376. Because a genuine issue of material fact exists, the defendant has not met its burden of CT Page 4019 proving that it is entitled to judgment as a matter of law. Additionally, the claims in the present case present substantial questions of motive and intent which require live testimony and cross-examination. The court denies the defendants' motions for summary judgment.
KARAZIN, J.