[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON PLAINTIFFS'MOTION FOR PARTIAL SUMMARY JUDGMENT
The plaintiffs, seek summary judgment (motions 102.00 and 109.00) on the issue of liability as to some of the claims in some of the counts of the above-captioned action, which is based on alleged negligence in the operation of a motor vehicle. Specifically, plaintiffs seek summary judgment as to the First, Second, Fourth and Fifth Counts of the amended complaint.
Summary judgment may be rendered only when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Section 384 P.B.
The plaintiffs' motion is based largely on the fact that the defendant diver, Charles B. Price, Jr., pleaded guilty to a charge of negligent homicide with a motor vehicle, § 14-222a C.G.S. in connection with the collision at issue in these cases.
The defendants direct the court to a sworn statement by defendant Price in which he indicates that his vehicle struck the plaintiffs' vehicle because he was forced to change lanes when the car in front of him braked suddenly.
In effect, the plaintiffs ask this court to try the issue of causation and to conclude that the guilty plea has more weight than the defendant's description of the actions of another motorist. In ruling on a motion for summary judgment the trial court's limited function is not to decide issues of material fact, but rather only to determine whether any exist. [Telesco v. Telesco], 187 Conn. 715,718 (1982); [Batick v. Seymour], 186 Conn. 632, 647 (1982). CT Page 4470
Since this court thus cannot resolve at this point the issue whether a trier of fact would credit the defendant's account of the accident over his guilty plea, summary judgment must be, and hereby is, denied.
Beverly J. Hodgson Judge of the Superior Court