[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Susan A. Mingione, Executrix of the Estate of Philip A. Mingione, began a wrongful death action against the defendants, Dollar Rent A Car (Dollar), Rose A. Quezada, and the Ninety Five Special Olympic Summer Games Organizing Committee, Inc. (Special Olympics). The plaintiff executrix alleged that Dr. CT Page 8373 Quezada, an employee of the Special Olympics, while driving a motor vehicle owned by Dollar leased to the Special Olympics for valuable consideration struck and killed Philip Mingione, a volunteer auxiliary trooper. The plaintiff alleges that Dr. Quezada was negligent and that Dollar is liable for the negligence of the lessee pursuant to General Statutes §14-154 (a).
Dollar now moves for summary judgment. Its motion annexes affidavits that Dollar had provided motor vehicles to the Special Olympics as charitable donations.
The plaintiff objects because it claims there is an issue of fact about whether the car use arrangements constituted a lease because of certain publicity and promotional benefits Dollar received for the cars.
"The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns, 207 Conn. 496, 502,542 A.2d 700 (1988).
In support of its motion for summary judgment, Dollar contends that it is not liable under General Statutes §14-154a because although Dollar owned the vehicle, it was donated to the Special Olympics. Relying on the plain language of the statute, Dollar argues that for liability to attach under §14-154a, the car must have been either leased or rented under a contract. While the statute does not define the words "rent" or "lease," Dollar cites Graham v. Wilkins, 145 Conn. 34, 38,138 A.2d 705 (1958) wherein the court stated that to rent or lease was "to grant the possession and enjoyment of a thing for rent . . . for a specified rent or compensation." Dollar claims that it received no consideration when it donated the cars to the Special Olympics. Dollar also argues that there is no case law in support of holding an owner liable where the cars were charitable contributions. Lastly, Dollar adopts a public policy argument and contends that if Dollar is held liable for Dr. Quezada's negligence, rental car companies will not in the future donate the use of vehicles for such worthwhile charitable purposes if they believe that the law will allow no such good deed to go unpunished.
The plaintiff argues that here the Special Olympics provided consideration to Dollar in return for the vehicles. She submitted CT Page 8374 a copy of a sponsorship agreement executed by the parties wherein Dollar agreed to make a donation of $1 million in return for such things as advertising space and the right to use event footage in future advertising. The agreement also stated that Dollar could provide the Special Olympics with vehicles the value of which could be credited against the $1 million payment. In an attached schedule, the rental value of the car driven by Dr. Quezada was listed at $4,081.12. The plaintiff concludes that Dollar received consideration as defined in the form or advertising and marketing promotions when it provided vehicles and cash payments to the Special Olympics and thus is liable for Dr. Quezada's negligence under General Statutes § 14-154a.
In the present case, the parties have submitted conflicting evidence about whether Dollar donated or leased the car to the Special Olympics. Whether the car was donated or leased is dispositive of whether Dollar is a lessor and is therefore liable under General Statutes § 15-154a. "The function of the trial court, in summary judgment proceedings, is not to decide issues of material fact but rather to determine whether any such issues exist." Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752
(1982). "A material fact is one that will make a difference in the result of the case." Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990). The conflicting evidence presents a genuine issue of material fact. The motion for summary judgment is denied.
FLYNN, J.