[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384; Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507 (1994);Telesco v. Telesco, 187 Conn. 715, 447 A.2d 752 (1982).
General Statutes § 52-584 states: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . may be brought more than three years from the date of the act or omission complained of. . . ."
In the present case, the plaintiffs have not filed opposition papers to the defendant town of Darien's motion (#111) for summary judgment. There is no dispute over the fact that the plaintiffs allege in their complaint that an employee of the defendant, town of Darien, acted negligently on August 28, 1992. This present action was not filed until February 13, 1996. February 13, 1996 is more than three years after August 28, 1992.
The other grounds for summary judgment discussed in the defendant town's memorandum of law need not be reached. The CT Page 13151 defendant town's motion for summary judgment in its favor is granted.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of December, 1997.
William B. Lewis, Judge