[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT
The plaintiffs, Theodore Dezso, Patricia S. Dezso, and Theodore's Incorporated, have brought an action sounding in negligence against the defendant, the First Taxing District of the City of Norwalk. The plaintiffs allege, in sum, that the defendant negligently maintained, inspected, and/or repaired a water main which burst and caused damage to the plaintiffs' property. The defendant filed a motion for summary judgment, arguing simply that "[t]he plaintiffs' claims are barred by the doctrine of municipal immunity."
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384; Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507 (1994);Telesco v. Telesco, 187 Conn. 715, 447 A.2d 752 (1982). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" CT Page 38 (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03, 663 A.2d 1001 (1995), citing Practice Book § 381.
"A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts."Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167,544 A.2d 1185 (1988). The dispositive question here, therefore, is whether the acts about which the plaintiffs complain are governmental or ministerial.
"Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 167-68.
The affidavit of Brian A. Fitzgerald, general supervisor of the First District Water Department, states that "[t]here are no regulations or statutory municipal requirements of any kind with respect to the inspection or maintenance of the water delivery system operated by the First District." Therefore, according to the defendant, the acts about which the plaintiffs complain are discretionary in nature.
The plaintiffs contradict Fitzgerald's statement with a copy of § 1-22 of the Charter of the City of Norwalk. § 1-22
states that the "First Taxing District is hereby authorized to manage, operate and control [the] water system. . . ." This, according to the plaintiffs, indicate that the acts about which they complain are ministerial in nature.
"In general, [w]hether the acts complained of. . . . [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of. . . ." (Internal quotation marks omitted.) Shopey v. Lupoli, Superior Court, judicial district of Litchfield, Docket No. 055850 (April 20, 1994, Pickett, J.). In the present case, there exists a genuine issue of material fact whether the acts about which the plaintiffs complain are discretionary or ministerial in nature.
The defendant also argues that the plaintiffs failed to satisfy the notice requirements of General Statutes § 7-465. Specifically, the defendant claims that the "plaintiffs bear the CT Page 39 burden to plead and prove that they have provided the municipal entity with proper notice under the statute."
General Statutes § 7-465 is entitled: "Assumption of liability for damage caused by employees or members of local emergency planning districts. Joint liability of municipalities in district department of health or regional planning agency." The statute states in relevant part: "No action for . . . damages to real or personal property shall be maintained against [a] municipality and employee jointly . . . unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued."
General Statutes § 7-465 is inapplicable to the present case. The plaintiffs are not suing the municipality and an employee jointly. Rather, the plaintiffs have sued only the municipality.
Additionally, the court notes that the statute states: "Governmental immunity shall not be a defense in any action brought under this section." General Statutes § 7-465. The defendant's first ground for this motion for summary judgment is based on governmental immunity, and therefore, implicitly acknowledges that the plaintiffs' action is not brought pursuant to General Statutes § 7-465.
In the present case, there exists a genuine issue of material fact as to whether the acts about which the plaintiffs complain are ministerial or discretionary in nature. The defendant's motion for summary judgment, therefore, is denied.
D'ANDREA, J.