[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT #'s 111 117
CT Page 1728
The plaintiff, Paul Kennedy, filed a complaint against the defendants, Brenda H. Kennedy and George V. Harris. The plaintiff is seeking to recover certain costs expended in an effort to benefit a trust. The plaintiff alleges that he is a beneficiary of the trust. The defendants are co-trustees of the trust.
Each party has filed a motion for summary judgment. The plaintiff seeks summary judgment on the ground that, as a matter of law, he is entitled to the recovery of monies expended in the effort to benefit the trust. The defendants seek summary judgment on the second and third count of the complaint on the ground that the plaintiffs efforts did not provide a benefit to the trust. The defendant also moves for summary judgment on the entire complaint on the ground that the plaintiff's action is barred by the statute of limitations.
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384; Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994);Telesco v. Telesco, 187 Conn. 715, 447 A.2d 752 (1982). "Summary judgement may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996).
The defendants argue that under General Statutes §45a-152, the plaintiff is barred from bringing this action. General Statutes § 45a-152 states: "When any . . . trustee required to account in a court of probate is unable to settle or adjust any claim against him as such, or when any . . . trustee and a claimant against him are unable to agree concerning the amount or validity of such claim, such . . . trustee may give written notice to such claimant of the disallowance of his claim, wholly or in part. Unless such claimant commences a suit against such . . . trustee within four months after such notice has been given, such claimant shall be barred of his claim against such . . . trustee . . . and of any such claim against the estate or trust . . . ." In short, the inquiry demanded by General Statutes § 45a-152 is whether the plaintiff commenced a suit against the trustees within four months of receiving written notice of the rejection of the claim. CT Page 1729
The defendant Kennedy states in her affidavit in support of the defendants' motion for summary judgment that "[t]his action was not commenced until nine and one-half months after notice from the [t]rustees of their rejection of [the] plaintiffs claim . . . ." Kennedy's self-serving claim, however, is unsupported by documentary evidence.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . . ." (Internal quotation marks omitted.) Id., 751-52.
There is no dispute that the plaintiff was notified of the defendants' rejection of the plaintiff's claim for reimbursement. T his fact is indicated in a letter to the probate court judge dated September 28, 1995 and is uncontroverted by the plaintiff. It is unclear, however, when the defendants first notified the plaintiff about the rejection of his reimbursement claim. In absence of evidence to support the defendants' claim, there is a factual dispute regarding this issue.
The defendants also seek summary judgment on the second and third counts of the complaint. The plaintiff alleges, in the second count, that the defendants "made application to the [p]robate [c]ourt for the appointment of Bessemer Trust Company, N.A., as an additional trustee of the [t]rust." The plaintiff further alleges that he "offered the names of eight different Connecticut banks as suitable third trustees of the [t]rust." The probate court "denied said application. . ." to appoint Bessemer Trust Company.
"The principle of reimbursing a party for expenses which he has incurred in benefiting a trust fund of which he is a beneficiary is . . . recognized in Connecticut." Palmer v.Hartford National Bank Trust Co., 160 Conn. 415, 421,279 A.2d 726 (1971). "The doctrine appears to be rarely applied, but nonetheless universally recognized, unless varied by statute, and its infrequent application seems to be due to the requirement that there be an actual benefit to the estate." Id., 422.
The defendants argue that the plaintiffs actions did not provide a benefit to the trust. Therefore, the defendants CT Page 1730 maintain that the plaintiff is not entitled to a reimbursement of his expenses.[1] The plaintiff argues that he did benefit the trust by "warding off of a peril. "
The trial court in Palmer "was called upon to determine whether the expense which the plaintiffs sought to recover was reasonably incurred in their securing a common benefit to the trust estate." Palmer v. Hartford National Bank Trust Co.,
supra, 160 Conn. 435-36. There is no reason why the inquiry should not be the same in the present case. Nevertheless, there is factual dispute over whether "there was a common benefit to the trust estate." Therefore, this is an inappropriate issue to address on a motion for summary judgment.
The plaintiff alleges in the third count of the complaint that he "made application to the [p]robate [c]ourt for the appointment of Fleet Bank, N.A., as an additional trustee of the [t]rust." This application was denied on the ground that the probate court lacked authority to grant such a request.
Again, the defendants argue that the plaintiff's actions did not benefit the trust. Therefore, according to the defendants, the plaintiff is not entitled to a reimbursement of expenses. The plaintiff responds again that the benefit was the "warding off of a peril."
The court is unable to understand how the trust was benefitted [benefited] when the plaintiffs application was flatly denied by the probate court. The Palmer decision requires that the party seeking reimbursement of expenses first provide a benefit to the trust estate. Palmer v. Hartford National Bank Trust Co.,
supra, 160 Conn. 421. There is no dispute of fact over whether the plaintiffs application was rejected. A denied application simply could not have benefitted [benefited] the trust. The defendants' motion for summary judgment, as it pertains to count three, is granted.
The plaintiff filed a motion for summary judgment on the complaint. The complaint now consists of counts one and two. The court has already decided that there is a factual dispute regarding count two. Therefore, only count one need be addressed.
The plaintiff alleges in count one that he brought "an [o]bjection to [a]cceptance of [t]rust [a]ccounting" that resulted in a reduction of the allowed expenses in the amount of CT Page 1731 $40,299.34. Therefore, according to the plaintiff, "there was a benefit to all the beneficiaries to the [t]rust."
The plaintiff argues that summary judgment is appropriate because there is no dispute that the defendants refuse to reimburse the plaintiffs legal fees and costs despite the obvious benefit to the trust. The defendants argue that the motion should be denied because there is a dispute over the exact amount of money that was netted to the [t]rust.
"[T]he plaintiff has the burden of proving that his actions created an actual benefit to the fund or estate. Thus, a mere claim is insufficient. There must be a benefit, and a large enough benefit to have made the expenses incurred worthwhile. The benefit must appear, overall, looking backward from the fait accompli." Palmer v. Hartford National Bank Trust Co., supra,160 Conn. 435.
The plaintiff has failed to establish that there has been a large enough benefit to the trust to make the expenses incurred worthwhile. The defendants claim that many objections to the accounting were made, but few were sustained. Therefore, a trier of fact must determine which expenses, if any, were appropriately incurred in the endeavor to benefit the trust. As such, there exists a genuine issue of material fact.
The plaintiff s motion for summary judgment is denied.
So ordered.
MINTZ, J.