[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGEMENT #210
On November 15, 1993, the plaintiffs, Adolph and Barbara Legenza, filed an eighteen count complaint against the defendants, Richardt Jespersen (Jespersen), Jespersen Enterprises, Inc. (JEI), Hosanna Ministry (Hosanna), and the City of Bridgeport (city). The plaintiffs allege that on or about May 20, 1992, Adolph Legenza (Legenza) pulled over in front of 1407 Fairfield Avenue in Bridgeport to inspect his vehicle. After exiting from his vehicle and while walking around the vehicle he, stepped in a hole and was severely injured. The plaintiffs have brought the following causes of action: negligence on behalf of Legenza against Jespersen, JEI, Hosanna and the city in counts one through four; loss of consortium on behalf of Barbara Legenza against Jespersen, JEI, Hosanna and the city in counts five through eight; public nuisance on behalf of Legenza against Jespersen, JEI, Hosanna and the city in counts nine through twelve; loss of consortium on behalf of Adolph Legenza against Jespersen, JEI, Hosanna and the city in counts thirteen through sixteen; and negligence counts against Jespersen and JEI in counts seventeen and eighteen.[1]
Hosanna filed a motion for summary judgment dated September 29, 1997 as to counts three, seven, eleven and fifteen of the amended complaint and related intervening actions filed by the Legenza's employers, on the ground that an abutting landowner does not owe a duty to a pedestrian to repair, maintain, inspect or warn of a defective adjacent public sidewalk or the grassy area between the curb and sidewalk. Sometimes referred to as the treebelt. Legenza filed an opposition memorandum on November 3, 1997, which was joined by the city and the intervening plaintiff Ace Plumbing and Heating and the Second Injury Fund. Hosanna filed a supplemental memorandum in support of its motion for summary judgment dated November 7, 1997. The city filed a supplemental memorandum on November 13, 1997. The matter was heard by the court on January 20, 1998. Additional memoranda were filed by Legenza on February 13, 1998,[2] and an objection CT Page 4847 thereto by Hosanna on March 5, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted; internal quotation marks omitted.) Bruttomesso v. Northeastern Connecticut SexualAssault Crisis Services, Inc., 242 Conn. 1, 5-6, 698 A.2d 795
(1997).
Hosanna argues that an abutting landowner, in the absence of statute or ordinance, is under no duty to keep the public sidewalk in front of his or her property in a reasonably safe condition for travel. Hosanna argues that it is the duty of the municipality to keep the streets and sidewalks in a reasonably safe condition for travel, except where a defect is created by a positive act of the abutting landowner or where there is enabling legislation allowing a municipality to transfer a portion of its duty and liability to the adjacent landowner. Hosanna argues that the first exception does not apply because the plaintiffs have not alleged who made the hole, and because Hosanna did not create the hole. Hosanna argues further that the second exception does not apply because there is no Bridgeport ordinance creating a duty on the part of an abutting owner to keep the grass area between the sidewalk and the public street in repair. Hosanna also argues that if such a duty were found to exist, the abutting landowner would owe that duty to the municipality, and not to the passers-by. Further, Hosanna argues that since no one at Hosanna had knowledge of the hole, nor took affirmative actions to create the hole, the plaintiffs' claims of public nuisance against it must fail. According to Hosanna, the absence of a duty entitles it to summary judgment on count three (negligence), count seven CT Page 4848 (loss of consortium on behalf of Barbara Legenza), count eleven (public nuisance) and count fifteen (loss of consortium on behalf of Adolph Legenza).
The plaintiffs argue that the land which is within the boundary lines of an accepted highway but which is not part of the traveled portion of the highway are owned by the abutting landowner. The plaintiffs argue that as the owner of the grass strip, Jespersen, and in turn the tenant Hosanna, who undertook to care for the area by mowing it, had a duty to maintain the grass strip. The plaintiffs argue that while Hosanna has submitted exhibits indicating that the city is the owner of the grass strip, the plaintiffs have submitted evidence indicating that Jespersen is the owner, and therefore a material issue of fact is in dispute. The plaintiffs also argue that a genuine issue of material fact remains in dispute as to whether Hosanna maintained the alleged defect by mowing the grass covering the hole prior to the accident, thereby concealing it from Legenza. The plaintiffs further argue that whether Hosanna maintained a public nuisance is a question of fact which should not be resolved as a matter of law on a motion for summary judgment.
The city, argues that an owner of property that is adjacent to a public highway is the fee owner of the property to the center of the street. The city argues, therefore, that the owner of 1407 Fairfield Avenue, Jespersen is the owner of the grass strip as a matter of law. The city also argues that the lessee of the property, Hosanna, had a duty to keep the property in repair, and that since the alleged defect is not in the traveled portion of the highway, and liability cannot be imposed upon the city as a matter of law.
In support of its motion for summary judgment, Hosanna has submitted a letter dated March 7, 1997 from Paul A. Brautigam, a land surveyor, in which Brautigam concludes that the subject grass strip is not owned by Jespersen. (Motion For Summary Judgment, Exhibit A). Hosanna has also submitted the affidavit of Obie Ponton, the person in charge of the Hosanna Ministry, who states that the sidewalk in front of 1407 Fairfield Avenue was constructed by the city; that Hosanna had no involvement in the design or installation of the sidewalk, that Hosanna was not responsible for maintaining, repairing, warning or inspecting the grass strip, that the city has never asked Hosanna to make repairs to the area between the sidewalk and the curb, and that no one at Hosanna created the alleged defect. (Motion For Summary CT Page 4849 Judgment, Exhibit C). Hosanna has also submitted the affidavit of Brautigam, which states that Brautigam is a licensed surveyor, and, as stated earlier concludes that the grassy area was not owned by Jespersen at the time of the accident. (Motion For Summary Judgment, Exhibit D). As further evidence, Hosanna has submitted its responses to the plaintiffs' requests for admissions, in which Hosanna admits that it did not own or have the responsibility of maintaining or inspecting the grass strip on the date of the accident. (Motion For Summary Judgment, Exhibit E).
In support of their objection to Hosanna's motion for summary judgment, the plaintiffs have filed excerpts from the deposition of Jespersen, taken on January 17, 1997, in which Jespersen states that he has continually owned the property since he purchased it fourteen years ago, and owned it on the date of the accident. When asked if Hosanna took care of the exterior ground maintenance, Jespersen responded "yes." Jespersen also responded in the affirmative when asked if Hosanna took care of mowing the lawn, and if the duty of mowing the lawn included the grassy area between the sidewalk and the curb. (Opposition To Motion For Summary Judgment, Exhibit 4).
"The function of the trial court, in summary judgment proceedings, is not to decide issues of material fact but rather to determine whether any such issues exist." Telesco v. Telesco,187 Conn. 715, 718, 447 A.2d 752 (1982). "A material fact is one that will make a difference in the result of the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "Conflicting evidence presents a genuine issue of material fact." Scrivines v. Pepperidge Farm, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 039946 (April 8, 1997, Flynn, J.). "It is for the finder of fact, not the court on summary judgment, to determine what inferences to draw." Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 111, 639 A.2d 507 (1994).
A material issue of fact remains in dispute as to whether Jespersen owned the grass strip between the sidewalk and the curb in front of 1407 Fairfield Avenue, as purported experts for both Hosanna and the plaintiffs have given opposing opinions on this matter. Accordingly, Hosanna's motion for summary judgment as to counts three, seven, eleven and fifteen of the plaintiff's amended complaint of November 12, 1993 is denied. CT Page 4850
DAVID W. SKOLNICK JUDGE