[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant filed a Motion for Summary Judgment claiming that there are no issues of material fact in dispute regarding whether or not the defendant is a fellow employee of the plaintiff. If the defendant is deemed to be a fellow employee, then § 31-293a of the Connecticut General Statutes bars this negligence action. The plaintiff filed a Memorandum in Opposition arguing that whether the defendant is an independent contractor or a fellow employee is in dispute and therefore, the defendant's Motion should be denied.
The pertinent factual background is as follows. While working for Stateline Drywall, Inc. (hereinafter "Stateline"), the plaintiff, an employee, was injured in a three story fall allegedly caused by the operation of a "Lull" forklift. Defendant Andre Veilleux was operating the forklift. Plaintiff claims, inter alia, that because of the defendant's improper operation of the forklift he was caused to fall and sustain serious injuries. Plaintiff made a claim for and was granted Worker's Compensation as a result of the workplace injury.
The defendant submits an affidavit in which he states that he is an employee of Stateline, and therefore was a fellow employee of the plaintiff at the time of the accident. The plaintiff claims that the defendant is an independent contractor. The plaintiff attached, for support, a Request to Admit answered by Stateline in which Stateline affirms the statement that "Andre Veilleux, on November 16, 1994, was an independent contractor". Request to Admit submitted by New England Carpentry, Inc. to Stateline, dated July 9, 1997. The defendant points out that in the same Request to Admit, Stateline also admits the following CT Page 15314 statement: "Andre Veilleux's relationship with Stateline was the same as that of Wayne Plourde of New Britain with the possible exception of compensation." Id. The defendant argues that the defendant's own affidavit, coupled with the contradictory factual assertions by Stateline support his position that this court should find him to be an employee of Stateline.
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49;Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715, 447 A.2d 752
(1982). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" Page 38 (Internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03, 663 A.2d 1001 (1995). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.)Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984).
One of the central material facts in this case is the determination of whether the defendant is an independent contractor or a fellow employee of the plaintiff. That fact is clearly contested and in dispute. Therefore, based on the evidence presented, this court denies the defendant's motion for summary judgment.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT