[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants have moved for summary judgment on the plaintiff's complaint alleging legal malpractice and breach of contract against the defendant attorneys and law firm. The plaintiff's claims arise out of a 1996 Tax Audit Adjustment of its 1994 grand list personal property tax obligations and tax exemptions for subsequent years. The plaintiff claims that the defendants' failure to provide adequate legal representation deprived Flexo of the ability to appeal the tax adjustment and that it consequently deprived Flexo the opportunity to preserve certain exemptions. The defendants argue that Flexo had no right to a 1994 exemption, that the appeal of the 1994 adjustment would have been unsuccessful, and accordingly, they cannot be subject to liability are entitled to judgment as a matter of law. CT Page 15412
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202 (1995). In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to determine whether such issues exist. Telesco v.Telesco, 187 Conn. 715, 718 (1982).
Contrary to the defendants' assertions, there are material factual issues in dispute as to the scope of legal representation to be provided to Flexo by the defendants. The scope of representation is material since it implicates the nature and extent of duties owed by the defendants to the plaintiff in regard to the 1994 tax year. There also exists a material issue of fact as to whether the underlying tax appeal would have been successful or would, at least, have resulted in a more favorable financial result for the plaintiff. This issue involves the question of the ownership of the subject personal property as well as its valuation. These are issues to be resolved by the trier of fact. The motion for summary judgment is denied.
Thomas A. Bishop, J.