[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants have moved for summary judgment as to the second count of the Amended Complaint dated April 10, 1996. In the second count, Paula Palozej seeks to recover damages for emotional distress she sustained as a result of observing her son floating face down in a swimming pool operated by the defendants. On November 17, 1993, Paula Palozej signed a general release discharging the defendants from this claim. The defendants argue that they are, therefore, entitled to judgment as a matter of law. The plaintiff argues that she signed the release under duress and that she relied upon misrepresentations of the defendant in releasing her claim.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Home Insurance Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202 (1995). In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to determine whether such issues exist. Telesco v.Telesco, 187 Conn. 715, 718 (1982). The party opposing a motion for summary judgment must set forth a sufficient factual predicate to demonstrate that the moving party is not entitled to judgment as a matter of law. CT Page 1737
Whether or not the claims representative of the defendants made misrepresentations to the plaintiff and whether or not she signed the release under duress are questions for the trier of fact. The plaintiff has submitted to the court portions of her deposition transcript in which she testifies as to her state of mind at the time she signed the release. She has sufficiently established a question of material fact to avoid summary judgment.
The motion for summary judgment is denied.
Bishop, J.