[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This actions stems from the plaintiff's claim that the defendant failed to diagnose her breast cancer via diagnostic ultrasound and radiology. The plaintiff further alleges that the individual radiologists who allegedly failed to make the diagnosis were agents, servants or employees of the Hospital. The Hospital has moved for summary judgment claiming that the radiologists were not its agents, servants or employees, that, consequently, they cannot be vicariously liable for their acts, and they are entitled to judgment as a matter of law.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Home Insurance Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202 (1995). In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to determine whether such issues exist. Telesco v.Telesco, 187 Conn. 715, 718 (1982). The party opposing a motion for summary judgment must set forth a sufficient factual predicate to demonstrate that the moving party is not entitled to judgment as a matter of law. Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24,727 A.2d 204 (1999).
The plaintiff argues that there is a genuine issue of material fact regarding the existence of an agency relationship. Without conceding the issue of actual agency, the plaintiff relies on the doctrine of apparent authority in its opposition to the motion for summary judgment.
"The doctrine of apparent authority basically holds that one who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or its servants is subject to liability for physical harm caused by the negligence of the independent contractor in supplying the services to the same extent as though the employer were supplying the them itself or by its servants. There is no analytical reason not to extend this doctrine to the hospital situation, in fact there are several good policy reasons for doing so." Francisco v.Hartford Gynecological, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513841 (March 1, 1994, Corradino, J.);Wilverding v. Ostrowitz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334949 (February 28, 2000, Skolnick, J.);LeConche v. Elliners, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 34812 (July 16, 1991, Stengel, J.). CT Page 2007
When a patient agrees to have a procedure performed at a hospital, she has the right to rely on the reputation of the hospital and not merely the doctors who have contracted to perform services for the hospital. It would be unreasonable to expect a patient to inquire as to the corporate relationship between the hospital and the individual rendering treatment. cf. Franciso v. Hartford Gynecological, supra.
"The issue of apparent authority is one of fact, requiring the trier of fact to evaluate the conduct of the parties in light of all of the surrounding circumstances." Edart Truck Rental Corp. v. B. Swirsky Co., 23 Conn. App. 137, 140, 579 A.2d 133 (1990). The plaintiff went to the hospital's radiology department to have mammograms performed. At no time did the radiologists or the hospital indicate to her that they were not authorized to perform the diagnostic procedures on behalf of the hospital or that the radiology department was not a hospital department. To the contrary, the plaintiff received reports captioned with the hospital's heading stating the results of her radiological exam. Nothing in the reports indicated that the doctors were acting independently from the hospital. Whether or not the plaintiff could have reasonably believed that the radiologists were agents of the hospital is a question of fact.
The motion for summary judgment is denied.
Bishop, J.