[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11812
The defendant University of Hartford ("the University") has moved for partial summary judgment in this action on counts III, IV, V and VI of the plaintiffs complaint dated June 17, 1996. The University asserts that it is entitled to a judgment declaring that the Hartford Art School, Inc. ("HAS, Inc.") is not the sole governing body of the Art School. The University further claims that count III of the plaintiffs complaint seeking an accounting is partially timebarred by the six year statute of limitations set forth in C.G.S. § 52-576 (a) and that the claim for conversion in count V is partially time-barred by the three year statute of limitations established in C.G.S. § 52-577. The University asserts the doctrine of laches as to count III (which seeks an accounting) and count IV (breach of fiduciary duty).
A moving party is entitled to summary judgment if the court is satisfied from the pleadings and proffered documentation that there is no genuine issue as to any material fact. Additionally, in assessing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Home Ins. Co v. Aetna Life Casualty Co., 235 Conn. 185 (1995). The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Wilson v. New Haven, 213 Conn. 277, 279 (1989). In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to determine whether such issues exist. Telesco v. Telesco, 187 Conn. 715, 718 (1982).
The motion for summary judgment as to count VI is denied. It is clear to this court that there exists a genuine issue of fact as to the nature of the relationship between HAS, Inc., the University and the Art School. Both parties point to various documents for support of their respective positions, as well as the intent and conduct of the parties. To declare at this juncture only that one party does not exercise sole control over another is inappropriate given the numerous related factual issues in dispute; it would also fail to serve the purpose of summary judgment which is to eliminate or tailor issues for trial.
In response to the University's claim that the counts for an accounting and for conversion are partially barred by the statute of limitations, HAS, Inc. asserts that the applicable statutes of limitation are tolled by the University's continuing course of conduct and fraudulent concealment. These averments present issues for the trier of fact and render these claims inappropriate for disposition on summary judgment. CT Page 11813
The University next argues that HAS, Inc.'s claims for an accounting and for breach of fiduciary duty are partially barred by laches. Laches applies when a defendant establishes that the plaintiff has engaged in unreasonable, inexcusable, and prejudicial delay in bringing suit.Castonguay v. Plourde, 46 Conn. App. 251, 265 (1997). It arises from a failure of attention to one's own interests. Allis v. Hall, 76 Conn. 322,334 (1902). Whether HAS, Inc. unreasonably delayed in the commencement of this action and whether any such delay prejudiced the defendants are issues of fact which are not appropriately determined by the court on a motion for summary judgment.
Accordingly, the motion for summary judgment is denied as to all counts.
Bishop, J.